IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-40290
Conference Calendar

———————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

PASCUAL BARRERA-HERNANDEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-01-CR-473-1
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Pascual Barrera-Hernandez appeals his guilty plea conviction and sentence for being found in the United States after deportation in violation of 8 U.S.C. § 1326.  Barrera-Hernandez argues that the sentencing provisions in 8 U.S.C. § 1326(b) are unconstitutional on their face and as applied in his case.  He contends that the unconstitutional portions of 8 U.S.C. § 1326 should be severed from the statute.  He asks us to vacate his

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction and sentence, reform the judgment to reflect a conviction only under 8 U.S.C. § 1326(a), and remand his case for resentencing under that provision.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses.  The Court further held that the sentencing provisions do not violate the Due Process Clause.  Id. at 239-47. Barrera-Hernandez acknowledges that his argument is foreclosed by Almendarez-Torres, but asserts that the decision has been called into doubt by Apprendi v. New Jersey, 530 U.S. 466, 489-90 (2000).  He seeks to preserve his argument for further review.

Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001).  This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Id. at 984 (internal quotation marks and citation omitted).  Accordingly, the judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief.  The Government asks that an appellee's brief not be required.  The motion is GRANTED.

AFFIRMED; MOTION GRANTED.